United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 5, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-10746
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANCISCO CARRILLO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
(4:04-CR-168-9)
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Francisco Carrillo appeals his conviction
and sentence for conspiracy to distribute and possess with intent
to distribute cocaine. He raises the following grounds for relief:
(1) the evidence was insufficient to support his conviction; (2)
his sentence contravened the Sixth Amendment; (3) the district
court erred in denying him a minor-role adjustment pursuant to
U.S.S.G. § 3B1.2(b); and (4) the district court plainly erred in
giving a "deliberate ignorance" jury instruction.

Construing the evidence in the light most favorable to the
Government, we hold that any reasonable trier of fact could have

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

found that the evidence established beyond a reasonable doubt that Carrillo knew of, and voluntarily participated in, the agreement to violate federal narcotics law. See United States v. Jaramillo, 42 F.3d 920, 922-23 (5th Cir. 1995); United States v. Ivy, 973 F.2d 1184, 1188 (5th Cir. 1992). Notably, Carrillo was entrusted with nearly $18,000 in cash and $72,500 in cocaine; Carrillo conducted a "heat run" in an effort to avoid being followed to his home after picking up the cocaine and currency; and Carrillo was paid $250 for the errand —— a sum the jury could reasonably infer was disproportionate to one paid for running an errand to pick up automobile parts.

Carrillo correctly concedes that Supreme Court precedent forecloses his argument that his prior convictions could not be used to enhance his sentence when calculating his criminal history score, and he raises this argument solely to preserve its further review by the Supreme Court. See United States v. Booker, 543 U.S. 220, 244 (2005); Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). Carrillo's contention that the district court contravened the Sixth Amendment by enhancing his criminal history score based on a finding that he had committed the instant offense while on probation is untenable; post-Booker, "[t]he sentencing judge is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guideline sentencing range and all facts relevant to the determination of a non-Guidelines sentence." United States v. Mares, 402 F.3d 511, 519 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005).

We further hold that the district court did not clearly err in refusing Carrillo a minor-role adjustment under § 3B1.2(b). See United States v. Villanueva, 408 F.3d 193, 203 n.9 (5th Cir.), cert. denied, 126 S. Ct. 268 (2005). The record established that Carrillo's participation, albeit isolated, was not "peripheral" to the conspiracy but was an integral part of the transaction between Charon and Ruiz, which served to advance the conspiracy. See United States v. Miranda, 248 F.3d 434, 446-47 (5th Cir. 2001).

Finally, we hold that the district court did not plainly err in issuing a "deliberate ignorance" jury instruction. The evidence established Carrillo's subjective awareness of a high probability of the existence of illegal conduct, the likelihood of criminal wrongdoing was high, and the circumstances surrounding Carrillo's activities were extremely suspicious; therefore, his failure to conduct further inquiry justified an inference of deliberate ignorance. See United States v. Freeman, 434 F.3d 369, 378 (5th Cir. 2005); United States v. Saucedo-Munoz, 307 F.3d 344, 348 (5th Cir. 2002).

AFFIRMED.